UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CARLOS RODRIGUEZ,

             Plaintiff,

     v.

NBC UNIVERSAL, a Delaware
limited liability company;
TELEMUNDO NETWORK GROUP LLC, a
California LLC; and DOES 1-25
inclusive,

             Defendants.

No. 2:26-cv-1571 WBS JDP

MEMORANDUM AND ORDER RE:
DEFENDANTS' MOTION TO DISMISS
AND PLAINTIFF'S MOTION TO
REMAND

----oo0oo----

Plaintiff Carlos Rodriguez brought this action against defendants NBCUniversal, LLC ("NBCU"); Telemundo Network Group, LLC ("Telemundo"); and Does 1-25 seeking various forms of relief for alleged violations of the California Fair Employment and Housing Act ("FEHA") (Cal. Gov. Code §§ 12900, et seq.), the California Labor Code (Cal. Lab. Code §§ 201–203, 226, 232.5, 510, 1102.5, 1182, and 2802), the California Business and

1

Professions Code (Cal. Bus. & Prof. Code §§ 17200, et seq.), and the common law related to and resulting from the termination of his employment relationship with defendants.  (Compl. (Docket No. 1-1, Ex. A) at 1—25.)  On April 17, 2026, defendants removed the action to this court pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446.  (Notice of Removal (Docket No. 1) at 2.)

Plaintiff now moves to remand the case back to the San Joaquin County Superior Court (Pl.'s Mot. to Remand ("MTR") (Docket No. 12)), which defendants oppose (Defs.' Opp'n (Docket No. 14)).  Also before the court is defendants' motion to dismiss plaintiff's first, second, third, fourth, fifth, tenth, eleventh, and twelfth causes of action (Defs.' Mot. to Dismiss ("MTD") (Docket No. 6-1)).

I.   Plaintiff's Motion to Remand

A.   Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . where such action is pending."  28 U.S.C. § 1441(a).  However, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  On a motion to remand, the defendant bears the burden of showing by a preponderance of evidence that federal jurisdiction is appropriate.  Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation omitted).

    A.    Remand Based on Lack of Full Diversity

Jurisdiction is based on facts that exist at the time of filing.  Righthaven LLC v. Hoehn, 716 F.3d 1166, 1171 (9th Cir. 2013).  For proposes of determining diversity, an individual's citizenship is determined by his or her domicile. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  An individual's domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return."  Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986).  In contrast to a corporation, which is a citizen of both the state of incorporation and the state of its principal place of business, see Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010), "an LLC is a citizen of every state of which its owners/members are citizens."

Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

Here, plaintiff challenges diversity of citizenship only with respect to Comcast CHC, LLC, which defendants identify as "an entity in the NBCUniversal ownership chain and as a member or upstream entity connected to other LLCs." (MTR at 6.) Plaintiff argues that defendants failed to "establish[] the citizenship of every member of every LLC in the chain" as to NBCU because they did not provide the citizenship of Comcast CHC, LLC's members in their notice of removal. (Id.) As such, plaintiff contends that defendants have not sufficiently established diversity of citizenship for NBCU. (Id.) According to plaintiff, this defect also "prevents Defendants from establishing Telemundo's citizenship" since "Telemundo's alleged citizenship chain runs through Telemundo Media LLC, NBCUniversal Media, LLC, and NBCUniversal, LLC." (Id.)

Plaintiff is correct that defendants failed to include the full member chain for Comcast CHC, LLC, in their notice of removal. (Id. at 6.) However, "[w]hen a motion to remand challenges the basis of the court's jurisdiction, the Court may consider evidence outside the pleading." Valley Children's Hosp. v. Cigna Healthcare of California, Inc., 790 F. Supp. 3d 940, 944 n.5 (E.D. Cal. 2025) (Sherriff, J.) (internal quotation marks omitted).

According to the records before this court, Comcast CHC, LLC's sole member is Comcast Holdings Corporation. (Second Decl. of Andrew Eitingon ("Eitingon Decl. No. 2") (Docket No. 14-

4

2) at ¶ 14.)  Comcast Holdings Corporation, in turn, is a citizen of Pennsylvania because it is incorporated in Pennsylvania and because its principal place of business is located in Philadelphia, PA.  (Notice of Removal (Docket No. 1) at ¶ 18; see also Eitingon Decl. No. 2 at ¶ 10.)

Based on a preponderance of the evidence, the court finds that defendants have sufficiently established complete diversity of citizenshp for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  Thus, remand is not supported by the jurisdictional record.

B.    Remand Based on Joinder of Additional Defendants

Plaintiff argues in the alternative that, should the court decide remand is unwarranted based on the present record, the court should grant leave to file a First Amended Complaint ("FAC") to join plaintiff's former supervisors, Mr. Jose Suarez and Ms. Stacy Owens, as non-diverse defendants.  (MTR at 9—13.)

1.    Joinder

Where amendment is sought after a pleading amendment deadline and the proposed amendment seeks to join a new diversity destroying defendant, 28 U.S.C. § 1447(e) governs.  McCleney v. Wyndham Vacation Ownership, Inc., No. 2:22-cv-01927-FLA (SKx), 2023 WL 4745741, at *2 (C.D. Cal. July 25, 2023); Sagrero v. Bergen Shippers Corp., No. 2:22-cv-04535-SPG (RAOx), 2022 WL 4397527, at *2 (C.D. Cal. Sept. 23, 2022) ("Rule 15(a) does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant."  (internal quotation marks omitted).).  The Ninth Circuit has noted that "the language of §

5

1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998). Accordingly, the court may (1) deny joinder or (2) grant joinder and remand the action to State court. Id.

Courts consider the following six factors when determining whether to grant leave to amend under section 1447:

(1) "whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as 'needed for just adjudication'";

(2) "whether the statute of limitations would preclude an original action against the new defendants in state court";

(3) "whether there has been unexplained delay in requesting joinder";

(4) "whether joinder is intended solely to defeat federal jurisdiction";

(5) "whether the claims against the new defendant appear valid"; and

(6) "whether denial of joinder will prejudice the plaintiff."

Rosas v. NFI Indus., No. 2:21-cv-00046 WBS CKD, 2021 WL 1264921, at *2 (E.D. Cal. Apr. 6, 2021) (citing Davis v. Tower Select Ins. Co., Inc., Case No. 2:12-cv-1593 KJM CKD, 2013 WL 127724, *2 (E.D. Cal. Jan. 9, 2013)).

This list of factors is non-exclusive. See Murphy v. Am. Gen. Life Ins. Co., 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015) (listing factors); see also McCleney, 2023 WL 4745741 at *2. Further, "[a] court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary

6

condition for joinder." Sagrero, 2022 WL 4397527 at *2 (quotation marks and citation omitted).  Where fewer than six factors are dispositive, the court need not analyze those that do not bear on resolution of the issue.  See id. Here, two factors are dispositive.

First, plaintiff fails to explain his delay in seeking joinder.  The undisputed timeline shows that (1) in May 2024, plaintiff was terminated as an employee of NBCU (compare Compl. at ¶ 30, with MTD at 9); (2) on January 22, 2026, plaintiff filed his lawsuit in state court (Compl. at 25); (3) on April 17, 2026, defendants removed the case to this court (Notice of Removal at 1); (4) on April 24, 2026, defendants filed their motion to dismiss (see MTD at 1); and finally (5) on May 19, 2026, plaintiff filed his motion to remand (see MTR at 1).

The record clearly shows that plaintiff knew the identity of his supervisors prior to filing his complaint in State court in January 2026 as the "California supervisors were identified in the Complaint's factual allegations before removal."  (MTR at 10.)  Yet, plaintiff declined to name Mr. Suarez or Ms. Owens as defendants when originally filing suit. Plaintiff then declined to amend his complaint after commencing this action while the case remained pending in State court.  Even after the case was removed to federal court, plaintiff still did not attempt to file a FAC.  Indeed, plaintiff only sought leave to amend his complaint after defendants filed their MTD, when the pleading amendment deadline had already passed.[1]  See Fed. R.

---

[1]    The court also observes that plaintiff did not attach a

7

Civ. P. 15(a)(1)—(2) (a party may amend his pleading once as a matter of course within 21 days of serving the pleading or within 21 days after service of a motion under Rule 12(b), 12(e), or 12(f), whichever time is earlier).

Plaintiff offers neither explanation for his delay nor any reason for not naming Mr. Suarez or Ms. Owens as defendants when first commencing this action in State court.  Thus, the court finds that plaintiff unduly delayed in seeking joinder of Mr. Suarez or Ms. Owens.  See Parker v. Joe Lujan Enters., Inc., 848 F.2d 118 (9th Cir. 1988) (upholding a district court's denial of leave to amend where the lower court found undue delay because plaintiff "failed to justify the delay in seeking leave to amend the complaint. . ..").

Second, plaintiff argues that because he "is not inventing new facts or actors," his request for joinder seeks merely to "conform the named parties to the facts already alleged" and is not intended to defeat federal jurisdiction. (MTR at 10.)  Plaintiff explains that "[w]here the proposed defendants' conduct is already described in the original pleading, joinder is not a sham tactic."  (Id.)  Howeever, if, as plaintiff contends, joinder here consitutes "a proper effort to include the individual actors allegedly responsible for the conduct at issue," then it is unclear why plaintiff delayed making this "proper effort" at any number of earlier stages in the litigation.  (See id.)

Taken together, the procedural posture of this case,

proposed FAC to his MTR.

the timeline on which plaintiff sought joinder, the structure of plaintiff's MTR, and his arguments for joinder suggest that plaintiff's primary purpose for seeking joinder now is to defeat federal jurisdiction.

Accordingly, because the available evidence as well as relevant caselaw and statutory authorities dictate that allowing joinder of Mr. Suarez or Ms. Owens would be improper, plaintiff's motion to remand (MTR (Docket No. 12)) will be denied.

## II.   Defendants' Motion to Dismiss

Defendants move to dismiss with prejudice plaintiff's first, second, third, fourth, fifth, tenth, eleventh, and twelfth causes of action.  (MTD at 7—8.)

### A.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows the court to dismiss a complaint that fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "A Rule 12(b)(6) motion tests the legal sufficiency of a claim."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In deciding such a motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. Id.

Dismissal is proper where a complaint fails to allege "sufficient facts . . . to support a cognizable legal theory," id., or to state "a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

9

B.    Rule 8 Deficiencies

Plainitff's first, second, third, fourth, fifth, tenth, eleventh, and tewlfth causes of action constitute a shotgun pleading.  Gibson v. City of Portland, 165 F.4th 1265, 1288 (9th Cir. 2026) (defining a "shotgun pleading" as "one where a party indiscriminately incorporates assertions from one count to another, for example, by incorporating all facts or defenses from all previous counts into each successive count ... prevent[ing] the opposing party from reasonably being able to prepare a response or simply mak[ing] the burden of doing so more difficult." (alterations in original)).  As to these claims, plaintiff's complaint "fails to connect its factual allegations to the elements comprising plaintiff['s] claims such that it denies the parties adequate notice of the allegations supporting each cause of action."  A.B. v. Hilton Worldwide Holdings Inc., 484 F. Supp. 3d 921, 943 (D. Or. 2020) (collecting cases); see also Deerpoint Grp., Inc. v. Agrigenix, LLC, 345 F. Supp. 3d 1207, 1234 n.15 (E.D. Cal. 2018).  As such, these causes of action fail to comply with the pleading requirements of Rule 8. Accordingly, defendants' motion to dismiss plaintiff's first, second, third, fourth, fifth, tenth, eleventh, and twelfth causes of action will be granted.

III. Conclusion

IT IS THEREFORE ORDERED that plaintiff's motion to remand (MTR (Docket No. 12)) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion to dismiss (MTD (Docket No. 6)) be, and the same hereby is, GRANTED

WITHOUT PREJUDICE.

Plaintiff has twenty-one (21) days from the date of this Order to file his amended complaint, if he can do so consistent with this Order.

Dated:   July 7, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

11