UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CARLOS RODRIGUEZ,<br>Plaintiff,<br>v.<br>NBC UNIVERSAL, a Delaware limited liability company; TELEMUNDO NETWORK GROUP LLC, a California LLC; and DOES 1-25, inclusive,<br>Defendants. | No. 2:26-cv-1571 WBS JDP<br><br>ORDER |

----oo0oo----

On August 17, 2026, Defendants NBCUNIVERSAL, LLC and TELEMUNDO NETWORK GROUP LLC moved to dismiss (Mot. to Dismiss (Docket No. 22)) plaintiff's First Amended Complaint ("FAC") (Docket No. 19). On the same day, without leave of court or defendants' written consent, plaintiff filed a Second Amended Complaint ("SAC") (Docket No. 21.) Appearing to rely on his SAC, plaintiff did not file an opposition to defendants' motion to dismiss his FAC. In response, defendants filed a notice of non-

opposition (Docket No. 25) to their motion to dismiss the FAC that is now before the court.

A party may generally amend its pleading once as a matter of course within twenty-one days of service. Fed. R. Civ. P. 15(a)(1). Absent that, a party may amend its pleading only with the opposing party's written consent or with the court's leave. Fed. R. Civ. P. 15(a)(2); Schmidt v. PNC Bank, NA, 591 F. App'x 642, 643 (9th Cir. 2015). Here, plaintiff neither had leave of court nor defendants' consent to file his SAC.

Although plaintiff procedurally erred by filing his SAC, "the court may choose not to strike the pleading in the interests of judicial economy, even when a pleading is improperly filed." Ghafoori v. Duncan, No. 2:24-CV-03306-DJC-SCR, 2026 WL 2139895 (E.D. Cal. July 24, 2026) (Calabretta, J.) (quoting Vahora v. Valley Diagnostics Lab'y, No. 1:16-cv-01624-SKO, 2017 WL 2572440, at *4 (E.D. Cal. Jun. 14, 2017)). "A court often makes the decision not to strike when it would have granted leave to amend had leave been sought and it does not appear amendment would cause prejudice to the opposing party." Granger v. Lowe's Home Centers, LLC, No. 1:14-CV-01212-KJM, 2014 WL 4976134 (E.D. Cal. Oct. 3, 2014) (Mueller, J.).

Here, the SAC makes two substantive changes from the FAC. First, it removes a defendant listed on the FAC, Stacy Owens, whom the court had expressly ruled could not be joined in this matter in its previous July 7, 2026 order (Docket No. 17 at 9.) Removing Owens was therefore necessary for compliance with the court's order. (Id.) Second, the SAC omits one cause of action concerning a failure to furnish itemized wage statements

under California law and substitutes one California Fair Employment and Housing Act cause of action for another (Cal. Gov. Code § 12940(a) for § 12923)). (SAC at 1.) Accordingly, in light of these changes, the court does not find that permitting the SAC to proceed as operative would prejudice defendants. "Permitting an amendment without formal application to the court under these circumstances is in keeping with the overall liberal amendment policy of Rule 15(a) and the general desirability of minimizing needless formalities." Manzano v. Metlife Bank N.A., No. CIV. 2:11-651 WBS DA, 2011 WL 2080249 (E.D. Cal. May 25, 2011) (Shubb, J.) (quoting Charles Alan Wright et al., Federal Practice & Procedure § 1484 (3d ed.2010)).

In their notice of non-opposition, defendants requested that should the court treat the SAC as operative, they would request a new briefing schedule. (Docket No. 25 at 3-4.) The court now provides said briefing schedule by which defendants may file a new motion directed to the SAC.

Accordingly, it is hereby ORDERED that:

1. Defendant's pending motion to dismiss the First Amended Complaint (Docket No. 22) is DENIED as moot.

2. Within twenty-one (21) days of this order, defendants may answer or otherwise respond to plaintiff's Second Amended Complaint.

3. Plaintiff will have fourteen (14) days to file opposition or a notice of non-opposition to any new motion to dismiss the Second Amended Complaint, with defendants permitted ten (10) days to reply.

IT IS SO ORDERED.

Dated: October 1, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE